Fecteau, J.
BACKGROUND
These actions are consolidated cases that involved a challenge to the membership and governance of the Northborough Youth Hockey Program, Inc., a non-profit corporation organized under the provisions of G.L.c. 180. In civil action no. 99-02507, the corporation sought a declaratory judgment, under the provisions of G.L.c. 231A, with respect to the rights of members and directors to vote at annual and/or special meetings and the process by which the corporate by-laws may be amended and directors elected. In addition, the corporation requested a declaration that the persons purported by the defendants to be “automatic members” are not. In civil action no. 00-0096, certain parents of members of a-youth hockey program requested a declaration that recognized them as "automatic members” of the corporation and that would allow them to call for a special meeting, under the provisions of G.L.c. 180, Sec. 6A, at which they may elect directors and vote on amendments to the by-laws.
Trial was conducted before me, sitting without jury, on March 28-29, 2000, and May 26, 2000. The parties were allowed to give final summations on June 15, 2000.
The court issued its Findings of Fact, Rulings of Law and an Order for Judgment on June 29, 2000, by which the court declared the rights and responsibilities of the parties (12 Mass. L. Rptr. 107). The order for judgment included:
(1) a declaration that “the Starhawks parents, represented by the plaintiff Robert Knox et al., are not automatic members of the NYHP, Inc., nor are they or any other persons-who may be eligible for membership in the NYHP, Inc. members”;
(2) an order "that there be a special meeting of the board of directors, called by the president of the corporation, for the purpose of consideration of the amendment of the by-laws, such meeting to be held by September 15, 2000; that there be membership solicitation to be conducted following any such meeting to occur for a minimum of seventy-five days; and following said membership solicitation period, an annual meeting of the corporation is to take place no later than December 31, 2000, at which meeting a slate of officers and a number of directors be offered that meet the minimum number of directors and officers required by the by-laws”; and,
(3)an order that ”[A]n officer or director of the corporation is hereby ordered to appear before this court, Fecteau, J., who shall retain jurisdiction over this case, on behalf of the corporation within 10 days after the meeting to be held by September 15, 2000; must appear before this court 80 days after the meeting to be held by September 15, 2000; and must appear before this court no later than January 30, 2001 for the purposes of reporting to the court its compliance with this order.”
The corporation has made the status reports as required, such reports indicating that the board of directors had met and considered and enacted amendments to the by-laws of the corporation, that a membership drive has occurred and that a “special meeting” in the nature of an annual meeting has been held for purposes of electing a slate of officers and directors that complied with the by-laws. The court is satisfied that the corporation has complied with the orders of the court that were entered on June 29, 2001.
By its interim order of April 10, 2001, the court invited proposed forms of final judgment and/or reasons as to why the court should continue to retain jurisdiction in this case. The parties have submitted further pleadings that have been considered. The “Starhawks” party requests continued jurisdiction concerning ongoing consultations with the Public Charities Division of the Attorney General’s Office over possible new or different alleged irregularities. Given that the Office of the Attorney General had been advised of the controversy as it existed between these parties prior to the trial and entry of this court’s Findings of Fact and Rulings of Law, and it chose not to appear in the action, and given that the NYHP, Inc., has, in compliance with the orders of this court, amended its by-laws, the legal and factual posture of that corporation is now different than it was at the time of trial. Consequently, this court does not deem it necessary to continue to retain jurisdiction, as the controversy as it appeared to the court at the time of trial no longer exists in a substantially similar way. Therefore, any further controversy should be viewed independently from the within cases.
NYHP, Inc., has submitted a proposed form of final judgment that seeks permanent injunctive relief in connection with the “Starhawks’ ” continued use of the *170 NYHP, Inc., non-profit, corporate umbrella for income reporting, purchasing and fundraising purposes. Although it was not made a part of the original relief sought, this controversy was certainly raised in the factual allegations of the operative complaint in Civil Action No. 99-02507 (see paragraphs 32-36 in the amended complaint). Moreover, the controversy was the subject of evidence during the trial and findings of fact were made in connection therewith (see paragraphs 15-28 of Findings of Fact). Given that these findings are indicative of a continuing controversy between the parties, or that such may reasonably be inferred and that there is a sufficient basis in law and fact to find the “Starhawks” to be an unincorporated association wholly independent of and from NYHP, Inc., it is appropriate that the court declare the rights and responsibilities of the respective parties, vis-a-vis, each other.
ORDER FOR JUDGMENT
For the foregoing reasons, there being no further reason that the court should continue to retain jurisdiction of this matter, the court hereby releases its jurisdiction over the matter in question and a final judgment may enter in favor of the plaintiff Northboro Youth Hockey Program, Inc., in civil action no. 99-02507, and the Northboro Youth Hockey Program, Inc., et al., as defendants in Civil Action No. 00-0096, that declares that, as of and prior to June 29, 2000, the Starhawks parents, defendants in Civil Action No. 99-02507, and plaintiffs in Civil Action No. 00-0096, represented by Robert Knox et al., were not automatic members of the NYHP, Inc., nor were they or any other persons who may be “eligible” for membership in the NYHP, Inc., members, nor were they a part of the NYHP, Inc., nor are they authorized to act in the name of or on behalf of or do business as NYHP or NYHP, Inc.
Furthermore, judgment shall enter permanently enjoining, prohibiting and otherwise barring, refraining and preventing the defendants in Civil Action No. 99-02507, and the plaintiffs in Civil Action No. 00-0096, and their respective officers, agents, servants, employees, and those in active concert or participation with them who receive actual notice of this injunction, from:
(A) engaging in, authorizing or otherwise permitting, either directly or through agents, the solicitation of funds, donations, or goods and/or services or the conduct of any similar activity on behalf of the Starhawks in the name of NYHP, Inc., or any similar name, or in any way suggesting or implying that Starhawks Youth Hockey represent, are acting on behalf of or are in any way affiliated or connected with the NYHP, Inc. or authorized by NYHP, Inc. to engage in any such activities in its name or on its behalf;
(B) using or employing the federal tax identification number of the NYHP, Inc., in any way, including without limitation in connection with a bank account opened and maintained by and/or behalf of Starhawks Youth Hockey at Fleet Bank or any other bank, or on documents filed with the Internal Revenue Service or the Massachusetts Department of Revenue, or the Public Charities Division of the Commonwealth of Massachusetts Office of the Attorney General;
(C) using or employing in any way the sales tax exemption number issued to the NYHP, Inc. by the Massachusetts Department of Revenue, including without limitation in connection with the purchase of goods and/or services on behalf of Starhawks Youth Hockey otherwise subject to state sales tax;
(D)(1) using the name “NYHP, Inc., d/b/a Starhawks Youth Hockey” on checks drawn on the Fleet Bank checking account and bearing such name, and making any deposits into such accounts while the name or other identifying number is used;
(2) from using NYHP in any such name, or substantially similar name to open any other bank account, or for any other purpose including the use of said name as an affiliate in any report or application;
Furthermore, judgment shall enter that orders the defendants in Civil Action No. 99-02507 and the plaintiffs in Civil Action No. 00-0096 to:
(E) provide all necessary information concerning funds solicited or received from donors who contributed funds to the Starhawks in response to fundraising activities on behalf of the Starhawks in which the name of NYHP, Inc. was used in any way, since the date of the entry of the findings of fact on June 28, 2000, upon request by the NYHP, Inc., should it (NYHP, Inc.) be required to account to any government agency in connection with any such funds through the end of its current fiscal and/or' income-reporting year;
(F) take immediate steps to open bank accounts appropriate to their purposes, but without use of the name or identification number of NYHP, Inc., in any way, and to transfer all funds from any and all existing accounts in which the NYHP, Inc. is named or otherwise identified and to close such accounts as soon as possible thereafter but in no event in more than 30 days;
(G) take immediate steps to obtain or substitute a federal identification number appropriate to the reporting requirements of federal and state law, but without use of the name, identify or identification number of NYHP, Inc., in any way, and to commence the use of said number for all reporting as may be required by federal and state law as soon as possible thereafter.